# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 16, 2011

No. 10-50102
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAIME ELIAS LOPEZ-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:96-CR-269-2

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jaime Elias Lopez-Hernandez (Lopez) appeals his conviction for conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced Lopez to 60 months of imprisonment and three years of supervised release. Lopez argues that the district court failed to adequately explain its reasons for imposing the chosen sentence. Lopez also argues that the 60-month, guidelines sentence was greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50102

Lopez did not object to the adequacy of the district court's reasons for imposing sentence. Therefore, this issue is subject to plain error review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

It is apparent from the district court's oral and written reasons for imposing sentence why the district court selected the chosen sentence and rejected Lopez's implicit arguments for a lower sentence. *See Rita v. United States*, 551 U.S. 338, 357 (2007); *see also United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006). Therefore, Lopez has failed to show any procedural error, plain or otherwise.

Defense counsel's request for a "reasonable sentence" prior to the imposition of sentence did not amount to an objection to the substantive reasonableness of Lopez's sentence. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). Therefore, this issue is subject to plain error review.

The district court had before it both mitigating factors, including Lopez's personal characteristics and history, and aggravating factors, including his failure to appear at trial, and implicitly determined that the guidelines sentence of 60 months was appropriate. Lopez has not shown that the district court's balancing of these factors "represents a clear error of judgment . . . ." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010); *see also Rita*, 551 U.S. at 359-60. Accordingly, he has failed to rebut the presumption of reasonableness that we apply to his guidelines sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). Lopez has shown no error, plain or otherwise, with respect to the substantive reasonableness of the sentence.

The judgment of the district court is AFFIRMED.